# Exhibit B

# ILLINOIS STATE BOARD OF EDUCATION
# IMPARTIAL DUE PROCESS HEARING

E    V    ,

    Student,

v.

City of Chicago SD 299,

    School District.

Case No: 2017-0501

Kathleen C. Fuhrmann, Impartial Hearing Officer

## PREHEARING REPORT AND ORDER

Petitioner is the parent of E    V    ("Student"), a twelve-year-old student with a disability. On June 30, 2017, Petitioner filed a Due Process Compliant ("Complaint") against the Chicago Public School District #299 pursuant to the Individuals with Disabilities Education Act ("IDEA"). This Hearing Officer was appointed to preside over this case on July 3, 2017. District filed its Response to the Parents' Due Process Complaint Notice on July 11, 2017.

On August 22, 2017, a prehearing conference was held in the above matter. The conference was conducted by telephone from 9:30 a.m. to 11:30 p.m. Participating in the conference were: Kathleen C. Fuhrmann, Hearing Officer; Melanie Grant, Esq. and Margie Wakelin, Esq. for Petitioners; and, Kaitlin Ilijic, Esq. for Respondent. The parties discussed the following matters:

The following matters were addressed:

1.    Neither party objected to the appointment of the undersigned as the hearing officer.

2.    Each side is represented by counsel. The parties participated in mediation on August 15, 2017. The parties, however, did not reach an agreement. The parties are free to enter into settlement discussions and an agreement at any time and nothing in this order should be interpreted as prohibiting any settlement discussions.

The resolution period ended on July 30, 2017. On July 11, 2017, during the initial status conference, the parties agreed to participate in mediation services and anticipated that the mediation session would not be completed until the week of August 14, 2107. Accordingly, by the agreement of the parties the prehearing conference was scheduled

on August 22, 2017 to enable the parties to complete mediation prior to the prehearing conference. On August 22, 2017, Parents filed a joint motion for continuance and extension of the 45-day decision deadline to enable the parties to complete the hearing as scheduled and to allow adequate time for the hearing officer to issue a decision after the hearing. Currently, the hearing decision is due on October 23, 2017.

   3. The issues are limited to those raised in the Complaint, and agreed upon during the prehearing conference. The undersigned has determined that s/he has the authority to hear the issues listed below and grant the relief sought by Petitioners.

   The issues, requested relief, and defenses being presented for determination are as follows:

   a. Issue One: Whether District 299 violated E.V.'s right to a FAPE by:

    i. Failing to convene an IEP meeting from October 3, 2016 to the present;

    ii. Failing to conduct appropriate evaluations from October 2, 2016 to the present;

    iii. Failing to provide E.V. with an appropriate behavior intervention plan with appropriate positive behavioral interventions and supports, including a systematic data-driven behavior program from March 28, 2016 to the present;

    iv. Failing to provide E.V. with an appropriate individualized education program reasonably calculated to make meaningful progress from March 28, 2016 to the present, including specific goals, accommodations, related services, and behavioral supports;

    v. Failing to provide E.V. with any educational services from February 6, 2017 to the present;

    vi. Failing to allow E.V.'s parents to meaningfully participate in the IEP process by failing to provide them with qualified interpreters from March 28, 2016 to the present;

    vii. Failing to allow E.V.'s parents to participate in the IEP process by failing to provide them with translated special education documents, including IEPs, evaluation reports, notices, consents, and excusal forms from March 28, 2016 to the present.

   b. The Petitioner raised an issue concerning systemic failures and seeking systemic relief. This hearing officer does not have jurisdiction over systemic failures. Accordingly, the systemic failure issue and relief requested were stricken from this matter.

   c. Petitioner seeks the following remedies:

    i. Order the District to place E.V. in an appropriate therapeutic day school setting;

    ii. Order the District to pay for an independent educational evaluation to be conducted by qualified professionals for the following assessments:

2

       1. Psychological,
       2. Social Work,
       3. Speech and Language,
       4. Assistive technology, and
       5. Functional Behavioral Assessment (by a board certified behavioral analyst).

    iii. Order the District to provide E.V. with an appropriate behavior intervention plan to address his aggressive and frustration behaviors;
    iv. Order the District to provide E.V.'s parents with a qualified interpreter with training specific to interpretation at IEP meetings,
    v. Order the District to translate E.V.'s key special education documents including IEPs, evaluation reports, notices, consents forms, and progress reports,
    vi. Order the District provide compensatory education that includes:
       1. In-home daily behavioral therapy,
       2. Weekly speech therapy,
       3. Academic tutoring (reading and math),
       4. Transportation to access order compensatory education,
       5. Any other compensatory education deemed appropriate by the Impartial Hearing Officer, and
    vii. Any other relief deemed appropriate by the Impartial Hearing Officer.

    d. Respondent raises the following defenses: District maintains that at all times relevant Student was provided a FAPE, and that the IEPs generated for Student were reasonably calculated to allow the Student to make appropriate progress. District asserts that after Parents requested a meeting, District made several attempts to contact Parents and to hold meetings and schedule evaluations, but Parents were unresponsive to the school. In addition, District asserts that Parents refused to return Student to school after February 16, 2107, hindering the District's ability to evaluate Student. District denies that Parents were denied participation in the development of IEPs due to a lack of interpreters. District asserts that Chopin Elementary School serves a diverse community of students and several Chopin staff members regularly serve as interpreters at meetings. District asks that Parents requests for relief be denied.

  4. After discussing the time necessary to hear this matter, the hearing will be conducted at Chopin Elementary School, located at 2450 W. Rice Street, Chicago, Illinois 60622, on October 2, 3, 4, 11, and 13, 2017, at 8:30 a.m. to 4:30 p.m.

  Should any problem arise prior to the hearing that might adversely affect the hearing process, counsel is directed to notify the undersigned and request an immediate prehearing conference call. In addition, either party must immediately advise the

3

Hearing Officer whether a request for continuance will be made or it is anticipated that the complaint will be withdrawn.

Inasmuch as this is not a matter involving discipline so as to require an expedited hearing, it will be handled as a regular hearing.

5. Disclosure will occur on or before September 25, 2017 by 5:00 p.m. A courtesy copy of each party's exhibit book, in whatever format is preferred by each party, is to be provided to the Hearing Officer by September 25, 2017. (*See* Hearing Officer contact information below.)

    a. All exhibits must be marked prior to the hearing date and an exhibit list generated. Parents' exhibits should be identified as "P" followed by the exhibit number. Each page of the exhibit should be numbered as well. For example, if the IEP is to be the parents' first exhibit and it consists of seven pages, each page should me marked as follows: P 1-1, P 1-2, P 1-3, etc. The school district's exhibits should be identified as "R" followed by the exhibit number. Again, each page of the exhibit should be numbered as in the example above. Joint exhibits should be identified as "JE" followed by the exhibit number. Each page of the exhibit should also be numbered.

The parties are encouraged to prepare joint exhibits.

    b. The witness list must include the name and title of the witness and a brief, but informative, description of the nature of the witness's testimony. The Hearing Officer may exclude any irrelevant, immaterial, unreliable or unduly repetitious testimony during the hearing.

Witnesses participating through teleconference on the day of hearing are to be provided with courtesy copies of the proposed evidence packets (i.e., Petitioners and Respondent's) prior to the hearing day. Failure to do so might result in the undersigned excluding the witness(es) from participation in the hearing.

The parties are expected to work cooperatively on scheduling witnesses and/or making witnesses available to one another. Should either party anticipate a problem in gaining a witness' participation, counsel is directed to address it by contacting opposing counsel where appropriate, seeking a subpoena, or requesting an immediate prehearing conference call. The parties are to email a tentative witness schedule to the hearing officer by September 26, 2017 by the close of business.

6. The District objected to all documents generated prior to June 29, 2015 as outside of the statute of limitations period and as irrelevant. The Parent responded to the District's objections stating that the documents were being offered to provide historical framework for the hearing officer to understand the needs of Student and the history of the underlying complaint.

The hearing officer determined over the objection of the District that the following documents appear to be relevant and appropriate for the Parents to offer at

4

hearing for historical reference as to the issues raised in the complaint and to provide the needed baseline information necessary to resolve the issues raised in the complaint:

- Service Documentation for the 2015-2016 and 2016-2017 school years,
- May 9, 2014 IEP,
- May 9, 2014 Eligibility Determination,
- April 23, 2014 Psychological Evaluation (Family Clinic of UIC),
- February 11, 2014 IEP,
- February 11, 2014 Assessment Plan,
- February 11, 2014 Decision Regarding Request for Evaluation,
- February 2, 2014 Parent request for new psychological assessment,
- January 24, 2014 Psychological Evaluation,
- January 21, 2014 IEP
- January 21, 2014 Eligibility Determination,
- October 22, 2013 Speech Reevaluation, and
- October 8, 2013 Assessment Plan.

The Hearing Officer struck the following documents as stale and of little value for historical reference or baseline information necessary for determination of the issues contained in the complaint:

- All Service Documentation generated prior to the 2015-2016 school year,
- The undated Student Safety Plan,
- September 30, 2013 Misconduct Report,
- June 24, 2013 Parent Request for Evaluation,
- November 12, 2011 to September 7, 2013 Paraprofessional Dialy Behavior Chart log
- May 23, 2013 IEP,
- May 21, 2013 AT Referral,
- June 13, 2012 IEP,
- Undated 2012 document IEP data collection by Lindsay Horeis, teacher,
- August 11, 2012 Certified mail receipt,
- August 9, 2011 Parent letter to District Special Education Director,
- June 13, 2011 IEP,
- June 13, 2011 Eligibility Determination,
- June 6, 2011 Psychological Evaluation,
- May 23, 2011 BASC Protocol,
- March 28, 2011 Assessment Plan,
- March 16, 2011 Request for Evaluation,
- February 25, 2011 St. Mary of Nazareth Psychiatric Evaluation,
- December 13, 2010 IEP,
- December 13, 2010 Eligibility Determination,
- November 22, 2010 Assessment Plan,
- November 2, 2010 Certified Mail,

5

- November 2, 2010 Parent Request for Evaluation,
- December 9, 2009 IEP, and
- September 2, 2009 Advocate Illinois Masonic Medical Center Speech Evaluation.

Neither party objected to the witnesses contained on the preliminary witness lists of the other party.

The District will provide all witnesses currently employed by District as witnesses and will ascertain whether any witnesses requested by the Parents are no longer employed the District by September 11, 2017. District will provide to Parent, by September 11, 2017, the contact information for any of the former District employees requested as witnesses and does not object to the issuance of subpoenas for any witnesses contained on the Parent's preliminary witness list.

7. The parties agreed to the following matters:

- The school district will provide a court reporter.
- The parent opts for a hearing to be closed.
- The parent will participate in the due process hearing.
- The student will not be present at the due process hearing.
- Parents require interpreter services, and the school district will provide a Spanish language simultaneous interpretation services for the hearing.
- The parent will proceed first at the hearing.
- The parent will carry the burden of persuasion.
- The parties must be prepared to present oral closing argument of not more than 30 minutes and will submit written points of authority to the hearing officer at the close of the hearing.
- The Parent elects to be provided a written decision.

8. With regard to any motions or other problems to be addressed or anticipated, the parties advised:

A. Parents agreed to provide District with a copy of the following documents:
   1. August 14, 2017 Mental Health Status letter authored by Angel Caracheo, Presence Health,
   2. August 10, 2017 letter for TDS authored by Christel Lembke, M.D., Presence Health, and
   3. August 1, 2017 letter for TDS authored by Acezr Sanchez Leynes, M.D., Presence Health.

B. District agreed to provide Parents with a copy of the following documents:

   1. March 15, 2016 Waiver of Revision of IEP, and
   2. January 18, 2017 Consent/Assessment Planning.

  C. The parties are to provide the copies as agreed to the opposing party within 7 business days of the issuance of this order.

  9. The parties are encouraged to stipulate to as many facts as can be agreed upon in order to facilitate and expedite the taking of testimony on the day of the hearing.

  10. Parents are ordered to provide the District and Hearing Officer with written clarification concerning the relief requested in paragraph 3 (c)(vi )(1 to 4) above to include at minimum the number of hours per unit being requested and/or the duration of said services   (for example, 60 minutes per week for 10 weeks OR two 30 minute session per week for 10 weeks, etc.) and to indicate any other particulars (training, methodology, etc.) known at this time.  Said clarification is due on or before September 15, 2017 at 5:00 p.m.

  11. The parties understand that there are to be no *ex parte* communication with the Hearing Officer.  Any written communications with the Hearing Officer, whether by mail, electronic mail, or facsimile transmission must be simultaneously copied / delivered to the other party.  The Hearing Officer may be reached as follows:

>Kathleen C. Fuhrmann
>1163 Fawn Circle
>Manteno, IL 60950
>815-468-8419 office
>815-278-8742 cell
>kathleenfuhrmann@kfuhrmannlaw.com

  12. Attorneys are directed that if any problem or dispute arises between the time of the prehearing conference and the time the decision is issued and the parties are unable to mutually resolve the dispute, thereby necessitating the involvement of the Hearing Officer, the attorneys must immediately contact the Hearing Officer.  The Hearing Officer will address the matter by scheduling a telephone conference call or in such other manner as is deemed appropriate under the circumstances.  The parties agreed to hold Wednesday, September 20, 2017 as a date for a status conference call, if needed.

  13. The parties will be held to the matters agreed upon, ordered, or otherwise set forth in this Order.  If either party believes this Hearing Officer has overlooked or misstated any item, the party is directed to advise this Hearing Officer of the omission or misstatement within three (3) business days of the date of this Order (and provide a copy to opposing counsel).  The Hearing Officer will address the party's concern promptly.

IT IS SO ORDERED.

Dated: August 27, 2017

*Kathleen C. Fuhrmann*
Hearing Officer

1163 Fawn Circle
Manteno, IL 60950
815-468-8419
kathleenfuhrmann@kfuhrmannlaw.com

CERTIFICATE OF SERVICE VIA EMAIL

I, the undersigned Kathleen C. Fuhrmann, certify that on August 27, 2017, a copy of Prehearing Conference Report and Order was served upon the following persons via email transmission by attached said document(s) in pdf format to the email addresses set forth below:

Melanie Grant and Margie Wakelin
Equip For Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
melanie@equipforequality.org
margie@equipforequality.org

Katie Ilijic
Chicago Public Schools - Due Process & Mediation
42 W Madison Street, 2Nd Floor
Chicago, IL 60602
kilijic@cps.edu

Andrew Eulass
Due Process Coordinator
Illinois State Board of Education
Division of Special Education Services
100 N. 1st Street
Springfield, IL 62777

Dated: August 27, 2017        Signed: _____
                              1163 Fawn Circle
                              Manteno, IL 60950
                              815-468-8419
                              kathleenfuhrmann@kfuhrmannlaw.com

9